UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

Petitioner,

v.                                                    CASE No. 8:07-MC-63-T-17TGW

PATRICIA ASPENLEITER,

Respondent.

## REPORT AND RECOMMENDATION

The United States of America seeks to enforce in this suit an Internal Revenue Service (IRS) summons served upon the respondent, Patricia Aspenleiter. For the following reasons, I recommend that the summons be enforced.

In this case, a petition was filed stating that an investigation was being conducted into the collection of tax liabilities of David T. Bosset for the years 1996 through 2000, as well as a civil penalty related to the promotion of abusive and/or fraudulent tax practices for 2005. It was alleged further that the respondent was in possession of testimony and documents concerning the investigation and that a summons was issued by the IRS directing the respondent to appear before a revenue officer and produce documents for

examination. The respondent failed to appear in response to the summons, and failed to produce the required books, papers, records, or other data.

The revenue officer has filed a declaration under penalty of perjury stating that the books, papers, records and other data may be relevant to the collection of the federal income tax liabilities of David T. Bosset for the tax periods ending December 31, 1996, through December 31, 2000, and promoter penalty for 2005, and the examination of the documents sought will likely assist in that collection. It alleges further that the documents sought are not already in the possession of the IRS. The petition also states that all administrative steps required by the IRS for the issuance of a summons have been taken.

An Order to Show Cause was issued directing the respondent to file a written response within twenty (20) days of service. The Order further directed that, should the respondent raise any objection to the enforcement of the summons, she should appear for a hearing on October 17, 2007, at 10:30 A.M., to show cause why the summons should not be enforced. However, the respondent did not file a written response and did not appear at the time scheduled for the hearing.

In light of the fact that the respondent did not appear or raise any objection to the summons and that the Order, and the petition and exhibits, were served upon an individual named "Steve Stewart," testimony was

received from the revenue officer who served the papers. He testified that he served the papers at 11264 Rainbow Woods Loop, Spring Hill, Florida, which is Aspenleiter's residence. He stated that he gave the papers to the individual identifying himself as "Steve Stewart." He said that this individual appeared to be in his late 20's or early 30's. The individual said he would give the papers to Aspenleiter.

This service appears to be sufficient. Thus, service was made "by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein...." Rule 4(e)(2), Fed.R.Civ.P. Significantly, no objection has been made to the manner of service.

The Supreme Court held in United States v. Powell, 379 U.S. 48, 57-58 (1964), that a summons is to be enforced upon a showing "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS's] possession, and that the administrative steps required by the Code have been followed...." In this case, the Government has made such a showing through the petition and the verified declaration. See United States v. Southeast First National Bank of Miami Springs, 655 F.2d 661, 664 (5th Cir. 1981). As indicated, the respondent has failed to controvert the showing or raise any other viable defense to the summons.

I therefore recommend that the respondent be ordered to comply with the IRS summons served upon her.

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: OCTOBER 18, 2007

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).